Richard ZUCK, Petitioner-Appellant,

v.

STATE OF ALABAMA, Respondent-Appellee.

No. 78–2095.

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1979.

Rehearing and Rehearing En Banc Denied Feb. 20, 1979.

Hubert L. Taylor, Gadsden, Ala., for petitioner-appellant.

William J. Baxley, Atty. Gen., Montgomery, Ala., Barry V. Hutner, Asst. Atty. Gen., Birmingham, Ala., for respondent-appellee.

Before GOLDBERG, SIMPSON and CLARK, Circuit Judges.

CHARLES CLARK, Circuit Judge:

An Alabama jury found Richard Zuck guilty of second degree murder and sentenced him to a prison term of forty years.[1] Zuck appeals the denial of his federal habeas corpus petition. Because we find that Zuck's trial counsel had an unwaived conflicting interest which prevented constitutionally adequate representation, we reverse the district court's denial of habeas corpus relief.

## I. CONFLICT

The law firm which served as counsel to Zuck in his murder trial also represented, in an unrelated civil matter, the State prosecutor who tried Zuck. The State judge, the prosecutor, and Zuck's attorneys knew of this dual representation, but none of them informed Zuck of it. Zuck urges that the conflict of interest arising from his lawyers' representation of the prosecutor denied him the effective assistance of counsel in violation of the fourteenth amendment to the Constitution.

We have previously examined the requirements of the fourteenth amendment in situations in which the division of an attorney's loyalties creates a conflict of interest. *E. g., United States v. Alvarez,* 580 F.2d 1251 (1978); *United States v. Mahar,* 550 F.2d 1005 (5th Cir. 1977); *Gravitt v. United States,* 523 F.2d 1211 (5th Cir. 1975); *Castillo v. Estelle,* 504 F.2d 1243 (5th Cir. 1974); *Porter v. United States,* 298 F.2d 461 (5th Cir. 1962). These decisions establish that when the dual representation of the defendant and another participant in a criminal trial creates a conflict of interest, the trial is fundamentally unfair as a matter of law. For example, in *Castillo v. Estelle, supra,* the defendant's attorney was simultaneously representing, in an unrelated matter, one of the principal witnesses for the prosecution. The trial judge knew of the conflict of interest, and yet neither the judge nor the defense attorney informed the defendant of the dual representation. The court held that, as a matter of law, the conflict denied the defendant effective representation, reasoning that the defense attorney might not have been vigorous enough in his cross-examination of the witness who was also his client.

*Castillo* involved an appointed defense attorney, while Zuck's attorney was retained by him. This court has before indicated that ineffective assistance of

1. Zuck appealed his conviction and it was affirmed. *Zuck v. State,* 57 Ala.App. 15, 325 So.2d 531 (1975), *cert. denied,* 295 Ala. 430, 325 So.2d 539 (1976). Zuck later filed a petition for writ of error coram nobis, alleging substantially the same grounds of error that were the subject of his federal habeas petition. The State trial judge denied the petition, and the Alabama Court of Criminal Appeals affirmed.

counsel claims involving retained counsel must, in some cases, be examined differently from those cases involving appointed counsel. *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1975) (en banc). When a claim of ineffective assistance of retained counsel is based solely on the sixth amendment, "it must be shown that some responsible state official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused." *Id.* at 1337. When the facts show that "a lawyer's ineffectiveness has rendered a trial fundamentally unfair, whether he be retained or appointed and whether his action or inaction was known or unknown to state trial officials, a deprivation of Fourteenth Amendment due process results from enforcement of the resultant judgment." *Id.* at 1336. Since a defense attorney's representation of conflicting interests makes the trial fundamentally unfair, such a trial violates due process and no other state action need be shown. *United States v. Alvarez*, 580 F.2d at 1256 (5th Cir. Sept. 28, 1978); *Fitzgerald, supra*, at 1336 n. 2. In any event, in Zuck's case the duality of representation was known both to the trial judge and the prosecutor.

A conflict of interest must be actual rather than speculative before the constitutional guarantees of effective assistance of counsel are implicated, *Alvarez, supra*, at 1254. An actual conflict of interest occurs when a defense attorney places himself in a situation "inherently conducive to divided loyalties." *Castillo, supra*, 504 F.2d at 1245. If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.

If such an actual conflict exists, it need not be shown that the divided loyalties actually prejudiced the defendant in the conduct of his trial. As we noted in *Castillo*, 504 F.2d at 1245:

When there is a conflict of interest such as exists in this case, the prejudice may be subtle, even unconscious. It may elude detection on review. A reviewing court deals with a cold record, capable, perhaps, of exposing gross instances of incompetence but often giving no clue to the erosion of zeal which may ensue from divided loyalty. Accordingly, where the conflict is real, as it is here, a denial of the right to effective representation exists, without a showing of specific prejudice.

The state asserts that no conflict of interest existed here because the real party in interest in Zuck's case was the people of the State of Alabama and the prosecutor's only interest was in achieving justice, not in convicting Zuck. Thus, they say the defense attorneys' representation of the prosecutor created no conflict with their commitment to defend Zuck. We reject this argument. The dual representation here created an actual conflict of interest. The prosecutor and the defense attorneys here were adversaries for the purpose of this trial. It is sufficient to establish a constitutional violation that the defense attorneys owed a duty to Zuck to endeavor to refute the prosecutor's arguments and to impeach his witnesses. This being so, the same concern which underlays *Castillo* is also present here: the defense attorneys were subject to the encumbrance that the prosecutor might take umbrage at a vigorous defense of Zuck and dispense with the services of their firm. Indeed, the potential prejudice arising from the conflict here is even greater than that found in *Castillo*, in which the danger of ineffective representation was limited to the cross-examination of a single prosecution witness. Here, the conflict could conceivably have infected the entire trial.

We do not take issue with the State's characterization of the prosecutor's motives. Under our decisions, the motives of even the attorneys who are involved in an actual conflict in representation are irrelevant. Our analysis in conflict of interest cases does not focus on the actual effect of the conflict on a particular defendant's

**440**

case. Rather, the basis of these decisions is our belief that the sixth amendment requires that a defendant may not be represented by counsel who might be tempted to dampen the ardor of his defense in order to placate his other client. The fact that a particular lawyer may actually resist that temptation is of no moment. The right to effective assistance of counsel is so vital to a fair trial that courts are compelled to examine every potential infringement of that right with the most exacting scrutiny. Determining whether a particular attorney has yielded to the temptation a conflict presents requires a searching analysis of his performance at trial. A cold, dispassionate appellate transcript simply cannot provide an adequate basis for assessing such a performance, for subtle variations in demeanor and depth of cross-examination cannot be reflected in the pages of a transcript. For this reason, the mere existence of a temptation in the abstract is sufficient to preclude duality of representation. A defense attorney must be free to use all his skills to provide the best possible defense for his client. Despite the noblest of intentions, the defense attorneys here may have been tempted to be less zealous than they should have been in the presentation of Zuck's case. This possibility is sufficient to constitute an actual conflict of interest as a matter of law.

## II. WAIVER

During the hearing on Zuck's petition for writ of error coram nobis in State court, a witness testified that prior to his trial she had informed Zuck that his attorneys were also representing the prosecutor. The State contends that Zuck waived his right to effective assistance of counsel since he proceeded to trial knowing of the conflict of interest.

While it is true that a defendant can waive his right to effective assistance of counsel, a waiver is valid only if it is knowingly and intelligently made. *United States v. Alvarez*, at 1259–60; *Gray v. Estelle*, 574 F.2d 209, 213 (5th Cir. 1978); *United States v. Garcia*, 517 F.2d 272, 276 (5th Cir. 1975). In order for a waiver of the right to conflict-free counsel to be knowing and intelligent, the State must show that the defendant (1) was aware that a conflict of interest existed; (2) realized the consequences to his defense that continuing with counsel under the onus of a conflict could have; and (3) was aware of his right to obtain other counsel. *Garcia, supra*, 517 F.2d at 278.

In *Garcia*, we held that a federal district court must affirmatively participate in the waiver decision in order for the waiver to be valid, and we set down procedures for the district court to follow in eliciting a waiver. In a federal forum, *Garcia* requires the district judge to inform the defendant of his rights and of the effect of the waiver. The judge must also ascertain whether the defendant comprehends the information given him. *Garcia, supra*, 517 F.2d at 278.

While the State court is not bound to follow the procedures set out in *Garcia*, if the record is silent on whether the defendant received the information required by *Garcia*, then the State must bear the burden of showing that the waiver was knowing and intelligent. *Potts v. Estelle*, 529 F.2d 450, 455 (5th Cir. 1976); *Ford v. Wainwright*, 526 F.2d 919, 921–22 (5th Cir. 1976). Without deciding whether it would be constitutionally sufficient for the defendant to have acquired the requisite waiver information from sources other than the judge, the information Zuck was said to have received clearly could not establish a constitutional waiver. The witness testified merely that she told Zuck that his lawyers were also representing the prosecutor. The State did not allege that Zuck was aware of the consequences of proceeding to trial with these attorneys or that he knew that he had a right to have other counsel. The State therefore failed to bear its burden of proving that Zuck waived his right to effective assistance of counsel.

## III. CONCLUSION

Since we hold that the conflict of interest under which Zuck's attorneys were operat-

ing made his trial fundamentally unfair, we need not reach his other assignments of error. The judgment denying habeas corpus relief is reversed and the cause is remanded for entry of an appropriate judgment consistent with this opinion.

REVERSED and REMANDED.