Tyronne J. MITCHELL,
Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden,
Respondent-Appellee.

No. 81–3331.

United States Court of Appeals,
Fifth Circuit.

June 25, 1982.

Certiorari Denied Oct. 12, 1982.
See 102 S.Ct. 222.

Horace P. Rowley, III, New Orleans, La. (Court-Appointed), for petitioner-appellant.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before BROWN and RANDALL, Circuit Judges, and DUPLANTIER *, District Judge.

* District Judge of the Eastern District of Louisi-    ana, sitting by designation.

DUPLANTIER, District Judge:

After a trial by jury in the Criminal District court for the Parish of Orleans (the boundaries of the Parish of Orleans and the City of New Orleans are coextensive) on three counts of aggravated rape, petitioner was found guilty as charged on two counts and guilty of a lesser included offense of forcible rape on the third count. He is presently serving a fifty year sentence in the Louisiana penitentiary.

Petitioner was represented in the state court trial by a retained attorney who, in addition to engaging in the general practice of law, held a part-time position as an assistant city attorney assigned to the City of New Orleans Traffic Court as a prosecutor.[1] The only issue on appeal is whether appellant's retained attorney had an actual conflict of interest requiring that his client's state court conviction be annulled. Appellant argues that an actual conflict of interest existed by virtue of his retained attorney's traffic court prosecutorial assignment. He also alleges that his retained counsel's law partner was a part-time assistant city attorney assigned as a prosecutor to the Municipal Court of New Orleans and contends that such a situation would also constitute an actual conflict of interest.[2] The federal district court, finding no actual conflict of interest, dismissed petitioner's habeas corpus application filed pursuant to 28 U.S.C. § 2254. We affirm.

After trial, appellant's retained attorney withdrew as his counsel. Appellant has been represented by appointed counsel in all subsequent proceedings.

On direct appeal to the Supreme Court of Louisiana, appellant claimed reversible error based, *inter alia*, upon a contention that an assistant city attorney assigned to prosecute cases in the city's traffic court was prohibited by state law from defending a criminal prosecution. The Louisiana Supreme Court affirmed appellant's convictions, concluding that petitioner had been effectively represented by his retained counsel, that there had been no possible prejudice to his rights, and that the representation of a defendant in a state district court by an assistant city attorney was not improper under the Louisiana Constitution or the Louisiana Code of Criminal Procedure. *State v. Mitchell*, 356 So.2d 974, 977 (La.1978). The United States Supreme Court denied appellant's petition for a writ of certiorari. *Mitchell v. Louisiana*, 439 U.S. 926, 99 S.Ct. 310, 58 L.Ed.2d 319 (1978).

Appellant's first application to the federal court for habeas corpus relief, asserting the same grounds involved on this appeal, was ordered dismissed without prejudice by this court because of his failure to exhaust state remedies. *Mitchell v. Blackburn*, 613 F.2d 313 (5th Cir. 1980). Petitioner then filed a state court habeas corpus petition. After conducting an evidentiary hearing on the conflict of interest issue, the state trial judge denied relief. The state supreme court declined to grant a supervisory writ. *State v. Mitchell*, 383 So.2d 788 (La.1980).

Appellant's second federal habeas corpus petition was referred to a magistrate, who concluded that an evidentiary hearing was not necessary because appellant had received a full and fair hearing at the state level; the magistrate recommended that relief be denied. The district court adopted the magistrate's report and recommendation and dismissed the petition. This appeal followed.

The Sixth Amendment to the United States Constitution guarantees the right to conflict-free counsel.[3] *See, e.g.,*

---

1. The state disputes petitioner's claim that he had no knowledge that his attorney was a part-time city traffic court prosecutor. Since we conclude that no actual conflict of interest existed, we do not reach the state's alternative contention that petitioner waived his right to conflict-free counsel.

2. See La.Rev.Stat.Ann. § 13:2493 and § 13:2501.1(F) for the jurisdiction of the two New Orleans city courts.

3. The Sixth Amendment is applicable in state criminal proceedings through the Fourteenth Amendment. *See, e.g., Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

*Gray v. Estelle*, 616 F.2d 801, 803 (5th Cir. 1980). In this Circuit, it is now well established that a conflict of interest must be actual, rather than potential or speculative, for it to violate Sixth Amendment standards. *See, e.g., Barrientos v. United States*, 668 F.2d 838, 841 (5th Cir. 1982); *Baty v. Balcom*, 661 F.2d 391, 392, 395 (5th Cir. 1981).

■ An actual conflict of interest occurs when a defense attorney places himself in a situation inherently conducive to divided loyalties.[4] *Zuck v. Alabama*, 588 F.2d 436, 439 (5th Cir.), *cert. denied*, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979). In *Zuck, supra*, this court set forth the following test to determine the existence of an actual conflict of interest:

> If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an *actual* conflict of interest exists. The interests of the other *client* and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other *client*.

588 F.2d at 439 (emphasis added).

■ Once it has been established that an actual conflict exists, prejudice to the defendant must be presumed, and in all but the most extraordinary circumstances the error cannot be considered harmless. *See, e.g., Turnquest v. Wainwright*, 651 F.2d 331, 334 (5th Cir. 1981).

Under *Zuck*, a lawyer may have an actual conflict of interest if the duties he owes to a client are adverse to those owed by his law partner to a different client. Thus, if appellant's counsel's partner was a municipal court prosecutor, the effect is the same

as if the position were occupied by retained counsel himself.

■ We conclude that appellant did not prove that his retained attorney's law partner was a municipal court prosecutor. The only evidence of the partner's status is the following testimony of the retained attorney at the state evidentiary hearing:

Q You mentioned during the cross examination the firm, is this the firm members that are referred to?

A Yes, this is the firm.

Q Were any of them Assistant City Attorneys, or public officials during that period?

A I believe Mr. McKee may have been an Assistant City Attorney at that time. He would have been the only one that's on the card, that would have been.

Q And where was he assigned at that time?

A Mr. McKee might have been working in the Municipal Court; I believe Municipal Court.

There is absolutely no evidence that the partner ever prosecuted a single case in municipal court, or that he was even assigned to handle criminal cases. Neither the state trial court nor the state supreme court made any factual findings with respect to this contention. This is hardly the stuff upon which a federal court should set aside a state rape conviction. However, even if the record supported the contention that the partner was a city prosecutor, appellant would not be entitled to relief.

There is apparently no reported federal court decision supporting appellant's contention that the representation of a criminal defendant in a state court trial by an

---

**4.** The most frequently encountered situation conducive to divided loyalties is that in which a single lawyer represents two or more defendants in a joint trial. *See, e.g., Johnson v. Hopper*, 639 F.2d 236 (5th Cir.), *cert. denied*, 454 U.S. 1010, 102 S.Ct. 548, 70 L.Ed.2d 412 (1981). Another involves the representation of a single defendant and a present or former client who is somehow involved in the trial, but whose interest in its outcome or the way it is conducted differs from the defendant's. *See, e.g., United*

*States v. Martinez*, 630 F.2d 361 (5th Cir. 1980), *cert. denied*, 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981) (actual conflict existed where defense counsel previously represented a prosecution witness); *Stephens v. United States*, 595 F.2d 1066 (5th Cir. 1979) (actual conflict existed where defendant's attorney concurrently represented a prosecution witness). Neither of these situations exists in the case *sub judice*.

assistant city attorney assigned as a prosecutor in a city court violates the Sixth Amendment's guarantee of conflict-free counsel.[5] Appellant suggests that the representation of a criminal defendant by a public prosecutor should constitute a violation of the Sixth Amendment if the attorney: (1) has responsibility to prosecute any criminal cases, and the crime with which the defendant is charged was committed within the geographic bounds of that responsibility; or (2) has the duty to challenge the constitutionality of local or state laws he would have to enforce as a public prosecutor; or (3) has the duty to cross-examine police officers or local officials he may use as witnesses for the prosecution when acting as a public prosecutor.[6]

As noted above, the Supreme Court of Louisiana scrutinized and approved of the representation of criminal defendants in state district court by assistant city attorneys in its opinion on appellant's direct appeal. *State v. Mitchell, supra,* 356 So.2d at 977:

> The law clearly prohibits a district attorney or his assistant from defending or assisting in the defense of any criminal prosecution. La.Const. art. 5, § 26(C); La.Code Crim.P. art. 65. Where the prosecution is in a city court, the prosecuting officer of that court is considered a district attorney and is thus included within that prohibition. La.Code Crim.P. art. 934(5). However, the prosecuting officer of a city court is not included within the definition of district attorney for purposes of prosecutions in courts other than a city court and, therefore, is not included within the prohibition. Hence, the assistant city prosecutor is not prohibited from defending a criminal prosecution in the state district court.

Although it may be that the representation of a defendant in a state court criminal trial by a city court prosecutor creates the "appearance of professional impropriety,"[7] it is not the province of this court to police the officers of local courts, unless their actions violate federal statutory or constitutional standards. We find nothing in either body of law that permits us to construct the rule suggested by appellant. We stress that the prosecutorial positions at issue were as *city* employees prosecuting in city courts only. It is clear that the representation of a defendant charged in a state court with aggravated rape does not conflict with the official duties of an assistant city attorney assigned to a New Orleans city court. Even if the city is considered as a sometime client of its city court prosecutors, such a prosecutor is nevertheless not in a "divided loyalty" situation when he represents a defendant in a state court prosecution.

In essence, appellant argues that an attorney whose other professional responsibilities sometimes include law enforcement should never be permitted to represent a criminal defendant. The elimination of attorneys who are part-time prosecutors in a city court from the pool of potential defense attorneys in state court based upon such an intangible "adverse interest" would be but the first step down a slippery slope. Appellant's rationale would also support the disqualification of legislator-attorneys from the criminal defense arena, because they enact substantive and procedural criminal statutes which they may one day have to attack on behalf of a client. It might also prohibit other part-time public employees or officials from acting as criminal defense lawyers.

5. Appellant cites *People v. Rhodes,* 115 Cal. Rptr. 235, 524 P.2d 363 (1974), in which the Supreme Court of California concluded that "as a judicially declared rule of criminal procedure ... a city attorney with prosecutorial responsibilities may not defend or assist in the defense of persons accused of crime." Although the appellant in *Rhodes, supra,* claimed that he had been denied his constitutional right to effective assistance of counsel, the state supreme court expressly stated that it did not reach that issue.

Instead, the court based its ruling on considerations of California public policy.

6. Appellant recognizes that such a rule may be impractical in situations where there is a shortage of available local defense attorneys, a situation which does not prevail in New Orleans.

7. ABA, Code of Professional Responsibility, Canon 9.

We reject appellant's argument that our decision in *Zuck, supra,* mandates reversal of the district court's judgment. Appellant contends that his trial counsel placed himself in a situation inherently conducive to divided loyalties; i.e., assistant city attorneys' interests are in law enforcement and the law enforcement system of New Orleans, while as defense counsel, their interests are diametrically opposed to those of the local law enforcement establishment.

The law firm which represented *Zuck* in his murder trial also represented, in an unrelated civil matter, the state prosecutor who tried Zuck. Because of these overlapping attorney-client relationships,[8] Zuck's attorney might have been "tempted to dampen the ardor of his defense in order to placate his *other client.*" 588 F.2d at 440 (emphasis added). By contrast, in the instant case, neither appellant's trial counsel nor his partner had any existing or past attorney-client relationships with anyone else involved in appellant's state criminal trial.

It also bears mentioning that the state trial judge, as well as the Louisiana Supreme Court, found that appellant had been effectively represented at trial. After reviewing the transcript of the state court habeas corpus hearing, the United States Magistrate also concluded that appellant had effective trial counsel, and the district court adopted the Magistrate's report.

Our independent review of that transcript convinces us also that appellant's trial counsel was not fettered by his relationships with police and other local officials. Appellant's counsel filed numerous pre-trial motions that required two and one-half days of hearing to resolve.[9] During those motions, and at trial, most of the witnesses for the defense were either law enforcement or other public officials. At trial, appellant's trial attorney cross-examined law enforcement officials called on behalf of the state in a competent and zealous

manner. The defense also made several requests for a mistrial and noted several objections during the state's closing and rebuttal arguments, one of which was sustained. There is ample support for this court's conclusion that appellant's trial counsel did not labor under an actual conflict of interest due to his status as a part-time city traffic court prosecutor.

AFFIRMED.

---

8. *See also* note 3, *infra.*

9. During those proceedings, the trial judge commented to appellant's lawyer: "[Y]ou have

so many motions filed up here, I am having a hard time keeping track...." Record on Appeal, Vol. I, Pretrial Transcript at 16.