I respectfully dissent. I would grant the writ. In my opinion the Court of Criminal Appeals erred in its application of asubjective test to determine "prejudice" under the circumstances of a given conflict of interest.
The issue: Whether the trial court committed reversible error when it failed to advise Deerman of his right to conflict-free counsel after Deerman's retained counsel made it known to the court and Deerman that he also represented the prosecution's chief witness in a pending civil case. In other words, should the trial court have declared a mistrial upon its learning that Deerman's retained counsel represented a prosecution witness in a pending civil litigation?
State and federal precedent clearly indicate that when a lawyer's dual representation of a defendant and a prosecution witness in a criminal trial creates an actual conflict ofinterest, in the absence of an effective waiver, the trial is fundamentally unfair as a matter of law. Zuck v. Alabama,588 F.2d 436 (5th Cir. 1979), cert. denied, 444 U.S. 833,100 S.Ct. 63, 62 L.Ed.2d 42 (1979); Pinkerton v. State, 395 So.2d 1080
(Ala.Crim.App. 1980), cert. denied, 395 So.2d 1090 (Ala. 1981) (and the cases cited therein).
An actual conflict has been held to exist when:
 (a) a lawyer places himself in a position inherently conducive to divided loyalties;
 (b) a lawyer owes duties to a party whose interests are adverse to those of his instant client; and
 (c) a lawyer owes a duty to his instant client to take some action that could be detrimental to his other client. Zuck v. Alabama, supra.
Where such an actual conflict of interests exists, a denial of the right to effective assistance of counsel exists under the Sixth and Fourteenth Amendments to the United States Constitution, without a showing of any specific prejudice.Castillo v. Estelle, 504 F.2d 1243 (5th Cir. 1974); Pinkertonv. State, supra. The Castillo court, treating almost identical facts, held that the petitioner was denied effective representation where his counsel, in unrelated civil litigation, was also representing a principal witness for the prosecution. The court stated:
 "Here the defense attorney, without the knowledge or assent of the defendant, was actively representing the defendant's alleged victim in civil litigation. The victim of a crime is not a detached observer of the trial of the accused, and his `private attorney' is likely to be restrained in the handling of that client/witness. In a similar case, the court observed: `It takes no great understanding of human nature to realize that the individuals who have been burglarized might be less than happy and might go so far as to remove the attorney from their good graces if this defendant were acquitted or received a light sentence or were placed on probation.' United States v. Myers, E.D.Pa. 1966, 253 F. Supp. 55, 57. Here Bardin was not only the victim but also a principal witness for the prosecution. In these circumstances, counsel is placed in the equivocal position of having to cross-examine his own client as an adverse witness. His zeal in defense of his client the accused is thus counterpoised against solicitude for his client the witness. The risk of such ambivalence is something that no attorney should accept and that no court should countenance, much less create. We hold that the situation presented by the facts of this case is so inherently conducive to divided loyalties as to amount to a denial of the right to effective representation essential to a fair trial." 504 F.2d at 1245.
In the present case, Deerman's lawyer also represented the prosecution's chief witness in pending civil litigation. This fact was brought to Deerman's and the court's attention afterthe jury had retired for deliberations. Deerman had no knowledge of this conflict prior to that time. Therefore, there could have been no effective *Page 1022 
waiver. (The Court of Criminal Appeals noted this in its opinion.)
The Court of Criminal Appeals remanded the case to the trial court for an evidentiary hearing on whether Deerman was denied the effective assistance of counsel at trial. Upon return, after an evidentiary hearing on remand, the appellate court held:
 "The general rule is that it is improper for an attorney to represent a defendant where counsel has, in a prior matter, represented a prosecution witness. Annot. 27 A.L.R.3d 1431, § 2 (1969). The United States Federal Court of Appeals for the Fifth Circuit has held that an attorney cannot adequately `represent a defendant in a criminal case while representing, in unrelated litigation, a principal witness for the prosecution, who was the victim of the offense for which the defendant was charged.' Castillo v. Estelle, 504 F.2d 1243, 1244 (5th Cir. 1974). Such a conflict of interest deprives the defendant of the effective representation by counsel essential to a fair trial `as a matter of law.' Castillo, 504 F.2d at 1244. The federal courts of the Fifth Circuit have held that where there exists a `real' conflict of interest, `a denial of the right to effective representation exists, without a showing of specific prejudice.' Castillo, 504 F.2d at 1245.
 "The situation in which defense counsel represents both the defendant and a prosecuting witness is improper and `inherently conducive to divided loyalties as to amount to a denial of the right to effective representation essential to a fair trial.' Castillo, 504 F.2d at 1245." 466 So.2d 1019-1020.
This is a correct analysis of the law as I understand it. The opinion continues:
 "While prejudice will be presumed in such a situation, we do not consider that the presumption is conclusive and irrebuttable. Yet, because of the fundamentally antagonistic positions between a defendant and a prosecuting witness, the presumption of prejudice that attaches to defense counsel's simultaneous representation of these individuals will be difficult to overcome.
 "We do not believe that Castillo establishes an ironclad rule requiring reversal in every case where defense counsel also represents a prosecution witness. Here, the trial judge found, as a matter of fact, that there was no conflict of interest and that Deerman was not deprived of the effective assistance of counsel. Under Castillo, defense counsel's representation of Deerman and a prosecution witness did constitute a conflict of interest. However, we find that the conflict did not prejudice Deerman.
 "The conflict could only affect defense counsel's cross examination of Davis. Barham v. United States, 724 F.2d 1529, 1535 (11th Cir. 1984) (J. Wisdom concurring). Even if Davis had been impeached, the evidence against Deerman was overwhelming. The trial judge found that `the counsel for the Defendant did everything that he could possibly do in the face of the statement made by the Defendant himself to defend the Defendant.'
 "Here, the conflict was so slight that the trial judge found that there was no conflict of interest. The trial judge was in the best position to review this issue and this Court should not reverse his finding of fact where there is no clear evidence to the contrary." 466 So.2d 1020.
This analysis, however, is incorrect; not only is it inconsistent within itself, but it is inconsistent with existing case law, including the Court of Criminal Appeals' own opinion in Pinkerton v. State, supra. The existence of anactual conflict of interest deprives a defendant of the effective representation of counsel as a matter of law, withouta showing of specific prejudice.
The confusion between the two quoted portions of the opinion of the Court of Criminal appeals is apparent in its expression to the effect that "presumed prejudice" can be rebutted by a factual showing that the conflict of interest is "slight" as opposed to "actual." This rationale misapplies *Page 1023 
the objective test for determining actual conflict of interest. Once this test is applied and actual conflict of interest is a "given" (indeed, this is precisely what the first portion of the Court of Criminal Appeals' opinion finds), any further inquiry into whether, as a matter of fact, counsel did all he could do to defend the accused is inappropriate.
Where all of the circumstances surrounding the relationship of the parties are undisputed, and where the facts meet the objective test for determining actual conflict of interest, as here, it is error to remand to the trial court for a factual determination of whether such conflict prejudiced the defendant. A contrary holding would permit the lawyer, whose conflict is in question, to testify, after the fact, that his dual representation in no way compromised his maximum effort on behalf of his client. Such a subjective test for determiningactual conflict of interest asks the wrong question and overlooks the two essential prongs of this rule of disqualification: 1) the appearance of fairness, and 2) the client's right of informed choice.
For these reasons, I would grant the petition and issue the writ.