TYSON, Judge.
Martha Franklin Schultz appeals from the denial of her petition for writ of error coram nobis. She was originally indicted and convicted of possession of marijuana for which she received a sentence of 15 years’ imprisonment in the penitentiary. She also was fined $10,000.00.
On this appeal from the denial of her petition for writ of error coram nobis, the petitioner contends that she was denied the “effective assistance of counsel” at trial. She specifically argues that her trial attorney had a real and actual conflict of interest in representing both her and her co-defendant.
The testimony at the coram nobis hearing revealed that she and her original co-defendant, James Beck Wilson, were arrested on November 21, 1980 in her automobile. The petitioner was driving this car and Wilson was sitting on the passenger side. Drugs were found in a “fruitcake tin” which was located on the passenger side of the car, between Wilson’s legs, and also a manila folder lying on the front seat between the petitioner and Wilson, though nearer Wilson. After obtaining a search warrant, police officers found about two pounds of marijuana, scales and baggies in the trunk of this vehicle along with some papers belonging to the co-defendant, Wilson. The petitioner testified at the hearing that she did not know that the drugs were in the car and that they were not her drugs, but belonged to Wilson. After she and Wilson were arrested, Wilson contacted Mr. William Kominos, an attorney. Both Wilson and the petitioner talked with Kominos on this occasion and had done business with Kominos on prior occasions. Kominos had represented the petitioner in a civil matter and Wilson and Kominos were close friends, having been roommates at one time. The petitioner and Wilson met *458 with Kominos on several occasions to discuss their respective cases. She testified that Kominos was aware that the drugs found in the car were not hers but Wilsons. (R. 18). Kominos acknowledged that he knew the drugs found in the car were Wilson’s, having been told they were by the petitioner and Wilson in the course of their meetings together. (R. 33-34). The petitioner further testified that she discussed with Kominos whether or not she would be allowed to testify at trial but that he would not allow her to testify. (R. 14, 19, 22). She stated that Kominos told her that she did not need to testify because he was going to get her off on an “illegal search and seizure” claim. The petitioner further stated that Kominos said that he may allow Wilson to testify at his trial but that she was not getting on the stand. (R. 21-22). Thus the appellant had no opportunity to explain the drugs or drug paraphernalia.
Schultz had no prior criminal record and, in fact, had never been arrested before.
A small amount of marijuana was found in her coat but she claimed that this was placed there while in route to the jail following the initial arrest.
Her co-defendant, Wilson, was allowed to be seated in the courtroom during defendant Schultz’s trial. She felt that the attorney who represented both of them had a close friendship with Wilson, which meant that Mr. Kominos had a conflict of interest in representing her.
In contrast, Kominos had represented her co-defendant on a marijuana charge in Dallas County a few years prior to this case.
Petitioner’s co-defendant, James Beck Wilson, was convicted of possession of marijuana and the trial judge set punishment at 15 years and a fine of $1,000.00.
William Kominos testified that the decision not to testify was that of the petitioner although he did advise her not to testify. (R. 43).
During the petitioner’s trial she did not take the stand. Wilson was tried on a later date and did, in fact, take the stand and testify. Wilson testified at his trial that the drugs found in the car were not his but, in fact, belonged to Martha Franklin Schultz, this appellant.
After hearing all the testimony at the hearing on the coram nobis petition, the judge denied Schultz’s petition. The judge’s order in this petition stated nothing more than the defendant Schultz’s petition was without merit and was due to be denied. No specific findings were made in this order.
I
The United States Supreme Court established in the decision of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), that, where an attorney simultaneously represents two or more co-defendants to a criminal prosecution, the Sixth Amendment demands that the attorney’s loyalty to his client be undivided and unimpaired by competing or conflicting considerations or loyalties:
“[We are] clear that the ‘Assistance of Counsel’ guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests. If the right to counsel means less than this, a valued constitutional safeguard is substantially impaired.”
“The mere existance of a temptation in the abstract is sufficient to preclude duality of representation. A defense attorney must be free to use all of his skills to provide the best possible defense for his client.” Zuck v. Alabama, 588 F.2d 436 (5th Cir.1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979). Where testimony of a co-defendant is inculpatory, a conflict of interest arises from counsel’s joint representation. United States v. Alvarez, 696 F.2d 1307 (11th Cir.1983), cert, denied, 461 U.S. 907, 103 S.Ct. 1878, 76 L.Ed.2d 809 (1983).
If an attorney owes duties to a party whose interests are adverse to those of *459 one defendant, an actual conflict exists, and the interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client. See Zuck, supra. “Motives of attornies who are involved in an actual conflict in representation are irrelevant; the fact that a particular lawyer might actually resist temptation to dampen the ardor of his defense in order to placate another client is of no moment in resolving a conflict of interest situation.” Zuck, supra. “An actual conflict exists if counsel’s introduction of probative evidence or plausible arguments that would significantly benefit one defendant, would damage the defense of another defendant whom the same counsel is representing.” Baty v. Balkcom, 661 F.2d 391, 395 (5th Cir.1981), cert, denied, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982); Bar-ham v. United States, 724 F.2d 1529 (11th Cir.1984).
It has further been held that an “appellant must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other.” Barham, supra.
The proper judicial analysis in conflict of interest cases does not focus on the actual effect of the conflict on a particular defendant’s case but, rather, revolves around the judicial belief that the Sixth Amendment requires that a defendant may not be represented by counsel who might be tempted to dampen the ardor of his defense in order to placate his other client. See Zuck, supra. Further, when a conflict of interest exists on the part of the defendant’s counsel, there is denial of the right to effective representation, even without showing specific prejudice. Castillo v. Estelle, 504 F.2d 1243 (5th Cir.1974); Zuck, supra; Pinkerton v. State, 395 So.2d 1080 (Ala.Crim.App.1980), cert, denied, 395 So.2d 1090 (Ala.1981); Jacques v. State, 409 So.2d 876 (Ala.Crim.App.1981); Sellers v. State, 460 So.2d 231 (Ala.Crim.App.1984).
An analysis of the above cited cases establishes that where, as here, a clear conflict of interest exists, the accused has, thus, been denied her Sixth Amendment right to the effective assistance of counsel as a matter of law. Pinkerton v. State, 395 So.2d 1080, cert, denied, 395 So.2d 1090 (Ala.Crim.App.1981) and authorities therein cited. See also, United States v. Mers, et al, 701 F.2d 1321, (11th Cir.1983).
From our examination of the authorities herein cited we are clear to the conclusion that an actual conflict of interest situation was presented by this record.
We note that the trial court failed to enter specific findings with reference to the contentions made by this appellant.
A careful review of the record reveals that this appellant was sentenced to the maximum sentence allowed under the law without opportunity to present her defense. While her co-defendant received a similar sentence, he was only fined $1,000. He is no longer in custody. This record clearly establishes an actual conflict of interest on the part of trial counsel, Mr. Kominos. As a result of our findings herein, appellant’s original conviction is due to be and is, hereby, set aside and reversed. The denial of her petition for writ of error coram nobis was in error for the reasons stated.
Our review of this record indicates that Mr. Kominos did, in fact, have an actual conflict of interest in his representation of both Ms. Schultz and her co-defendant, Mr. Wilson. As a result thereof, this cause is due to be and the same is, hereby, reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.