**UNITED STATES of America**

**v.**

**Angelita MARTINEZ–ZAYAS.**

**Crim. No. 86–00500.**

United States District Court,
E.D. Pennsylvania.

Jan. 23, 1987.

Barbara Cohan, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Joseph A. Canuso, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

I have before me now two motions: the Government's motion for a hearing to inquire into payment of attorney's fees and costs incurred by Joseph A. Canuso, Esquire in his representation of defendant Angelita Martinez-Zayas, filed January 15, 1987; and the motion of Joseph A. Canuso to withdraw as counsel for defendant, filed January 16, 1987. Argument was heard on these motions on January 20, 1987 in open court. I concluded and announced orally from the bench that Mr. Canuso's motion should be granted, and the government's motion denied. I now file this Memoran-

dum and Order to explain further the reasons for my decision.

## I. *Conflict of Interest*

On November 3, 1986 agents of the Drug Enforcement Administration and Philadelphia police officers executed a search warrant at 517 West Butler Street in Philadelphia, the residence of the defendant. According to the government, the search resulted in the seizure of approximately 12 kilograms of nearly pure cocaine, in addition to four smaller packages of cocaine found in defendant's handbag and a large quantity of cutting and packaging materials. Also seized were the defendant's 1985 tax returns, and documents purporting to establish that defendant's two young children were fathered by an individual who is reputed to be a major cocaine trafficker in Philadelphia. The government represents that this other individual is the subject of an ongoing federal investigation, and will be indicted in the near future. Throughout various related proceedings against him, this other individual was and continues to be represented by A. Charles Peruto, Sr., Esquire.

After her arrest on November 4, 1986, defendant was interviewed by Mr. Howard Cassel of the federal Pretrial Services agency, and defendant executed a financial affidavit attesting to her indigence. The assertions in her affidavit were supported in fact to the satisfaction of Pretrial Services and the United States Attorney's office. Despite her well-supported claims of indigence, the defendant was represented from her initial appearance through the time of her pretrial detention hearing by Mr. Peruto. During the pretrial detention hearing the defendant suggested, through counsel, that the drugs belonged not to defendant but more likely to the other individual mentioned above, who possessed a key to defendant's house.

On November 7, 1986, following a hearing, defendant was ordered detained pending trial. Subsequently, the government contacted Mr. Peruto, seeking the defendant's cooperation in the investigation of the other individual, and noting the potential conflict of interest in Mr. Peruto's representation of both clients. Mr. Peruto then contacted Mr. Canuso and arranged, with defendant's consent, for Mr. Canuso to represent her.

The government then filed its motion. While the motion does *not* suggest the slightest misconduct on the part of Mr. Canuso or in any way question his integrity, it does raise a potential conflict of interest in this case, which conflict could have a detrimental effect on the defendant. In response to the motion, to protect the best interests of his client, Mr. Canuso sought leave to withdraw from his representation of the defendant. The potential conflict of interest at the heart of the government's motion arises from the possibility that the other individual may be underwriting the cost of private counsel for the admittedly indigent defendant in this case.

■ A criminal defendant has a constitutional right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Effective assistance of counsel means representation by an attorney with undivided loyalty and free from any conflict of interest. *Id.* at 688, 104 S.Ct. at 2052. To ensure that a defendant has the undivided loyalty of counsel, the court has the authority to disquality counsel found to have a conflict of interest. *United States v. Dolan*, 570 F.2d 1177, 1182 (3d Cir.1978).

The United States District Court for the Eastern District of Pennsylvania has adopted the American Bar Association Code of Professional Responsibility as the standards of conduct for lawyers appearing before it. Local Rule of Criminal Procedure 2. Moreover, the district court has the supervisory authority over members of the bar to enforce ethical standards. *United States v. Provenzano*, 620 F.2d 985, 1005 (3d Cir.), *cert. denied*, 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980).

■ It is clear that an actual conflict of interest arises when a defense attorney "owes duties to a party whose interests are adverse to those of the defendant." *Zuck v. Alabama*, 588 F.2d 436, 439 (5th Cir.)

*cert. denied,* 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979). Here the conflict arises because of the possibility that the other individual mentioned before, who has the resources and the motivation to obtain counsel for the defendant, may be paying the fees and costs associated with Mr. Canuso's representation of the defendant.[1]

Defendant is charged, *inter alia,* with violation of 21 U.S.C. § 841(a)(1), possession of twelve kilograms of cocaine with intent to distribute. Under the Anti-Drug Abuse Act of 1986, P.L. 99–570, 100 Stat. 3207, reported at 40 Cr.L. 3119 *et seq.* (BNA Nov. 19, 1986), amending the Controlled Substances Act, 21 U.S.C. § 841(b)(1), a violation of section 841(a)(1) involving more than five kilograms of cocaine results in a mandatory minimum sentence of ten years imprisonment. 40 Cr.L. at 3120–21. However, "[u]pon motion of the Government, the Court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e), 40 Cr.L. at 3123. The decision whether to make a motion pursuant to section 3553(e) is committed to the discretion of the government by the Anti-Drug Abuse Act of 1986.

█ In the instant case, Mr. Canuso is faced with a conflict, assuming that the other individual is paying defendant's legal fees. *See supra* note 1. The defendant's interest in cooperation with the government in this case is therefore opposed to the interests of the other individual who is under investigation. I was unable to pursue the question of who had in fact agreed to pay defendant's legal fees without potentially jeopardizing defendant's right against self-incrimination. I therefore conclude that defendant's rights would be best protected by granting Mr. Canuso's petition for leave to withdraw. Based on de-

fendant's affidavit of indigence, I immediately appointed counsel from the Federal Defenders Association to represent the defendant. New counsel for defendant requires time to prepare the case, and I therefore continue the case on my own motion for a period of thirty (30) days.

## II. *Speedy Trial*

Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* in a case in which the defendant pleads not guilty, trial must commence within seventy (70) days from the filing of the information or indictment or from the date the defendant has appeared before a judicial officer, whichever is later. 18 U.S.C. § 3161(c). However, certain "periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). One such period of delay which is excludable is contained in 18 U.S.C. § 3161(h)(8), which reads in relevant part:

(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial [is excludable]. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a jury shall consider in determining wheth-

---

**1.** At the January 20, 1987 hearing, I sought to ascertain from the defendant whether she knew who was paying for her defense. Mr. Canuso objected to the question on the ground that a response might tend to show an agreement or other connection between the defendant and the other individual. Because the avenue of inquiry was foreclosed, I feel compelled to assume here that the other individual has agreed to pay the fees and costs incurred by Mr. Canuso.

er to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceedings impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

\* \* \* \* \* \*

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

 Under the circumstances of this case, I find that the ends of justice served by granting the continuance outweigh the best interests of the defendant and the public in a speedy trial. The potential conflict of interest faced by Mr. Canuso indicated quite strongly that his petition for leave to withdraw should be granted, and that new counsel be appointed, for the reasons set forth above. This necessity therefore made it impossible for defendant to proceed to trial immediately. Indeed, proceeding immediately to trial would have operated to deprive defendant of her right to counsel, the very same right the protection of which led the Court first to allow Mr. Canuso to withdraw, and second to appoint counsel on behalf of the defendant. Because new counsel for the defendant requires time to prepare this case, I continued the trial for thirty (30) days. The continuance is therefore excludable under 18 U.S.C. § 3161(h)(8)(A).

An appropriate Order follows.

ORDER

AND NOW, this 23rd day of January, 1987, after consideration of the submissions and arguments of counsel, and for the reasons stated in the attached Memorandum, it is hereby Ordered as follows:

1. The motion of the United States for a hearing to inquire into payment of attorney's fees and costs incurred by Joseph A. Canuso, Esquire, in his representation of defendant Angelita Martinez-Zayas is DENIED.

2. The petition of Joseph A. Canuso, Esquire for leave to withdraw as counsel for the defendant is GRANTED.

3. Trial in this action is continued for a period of thirty (30) days, which delay constitutes excludable time under 18 U.S.C. § 3161(h)(8)(A).

AND IT IS SO ORDERED.