McMILLAN, Judge,
dissenting.
I respectfully dissent from the majority opinion holding that this case is factually undistinguishable from Pinkerton v. State, 395 So.2d 1080 (Ala.Cr.App.1980), cert. denied, 395 So.2d 1090 (Ala.1981), and that an actual conflict of interest existed in the present ease. In Pinkerton, defense counsel had previously represented an individual who was convicted of selling narcotics. Counsel helped him negotiate an agreement whereby he would inform on the accused in exchange *1288 for the recommendation of a mitigated sentence. This individual was the prime figure in the accused’s subsequent arrest and, at the time of trial, the informant had not yet been sentenced.
In the present case, the appellant’s counsel had previously represented the informant in drug distribution eases, and he was currently representing the informant on unrelated burglary charges. At the time of the appellant’s trial, however, the informant’s distribution cases already had been no-billed by the grand jury. The prosecutor also noted that the appellant had “nothing to do with these pending [burglary] cases [against the informant] in any manner or fashion” and that there had been “no inducement” to get the informant to testify.
In Zuck v. Alabama, 588 F.2d 436 (5th Cir.1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979), an actual conflict of interest was found to exist when (1) a lawyer is himself in a position inherently conducive to divided loyalties, (2) the lawyer owes duties to a party whose interests are adverse to those of the instant client, and (3) the lawyer owes a duty to the instant client to take some action that could be detrimental to the other client.
In the present case, an actual conflict did not exist because the first two factors were not present. At the time of trial, the informant’s interests were not adverse to the appellant’s because his drug distribution cases had already been no-billed, his pending cases were unrelated to the appellant’s, and he had been offered no inducement to testify. In light of these facts, defense counsel owed no duty to the appellant to take an action that could be detrimental to the informant.
In the absence of an actual conflict of interest, specific prejudice must be shown. Castillo v. Estelle, 504 F.2d 1243, 1244 (5th. Cir.1974). Here, due to counsel’s simultaneous representation, prejudice is presumed. However, this presumption is not conclusive and irrebuttable, Deerman v. State, 466 So.2d 1013, 1020 (Ala.Cr.App.1984), cert. denied, 466 So.2d 1020 (Ala.1985); based on the record, there is sufficient evidence to rebut it. The trial transcript reveals that counsel’s cross-examination of the informant was vigorous and straightforward. Further, although the State’s evidence against the appellant was not overwhelming, it was substantial. The undercover officer who bought the drugs was able to positively identify the appellant at trial as the seller, and his testimony was corroborated by a video recording, which, although it did not capture the actual sale, did depict the informant, the officer, the appellant, and another male immediately before the transaction. In light of the counsel’s actual cross-examination and the evidence against the appellant and in the absence of any evidence to the contrary the trial court’s denial of the counsel’s motion to withdraw from representation was not erroneous. The relationship between the appellant’s counsel and the State’s informant was regrettable; however, under the circumstances of this case it was not so prejudicial as to require withdrawal by that counsel in the middle the trial.