liLOTTINGER, Chief Judge,
dissenting.
For the following reasons, I respectfully dissent from the majority’s opinion which holds that the trial court’s failure to either inform defendants of their right to conflict-free representation, or to inquire further about an alleged conflict of interest resulted in a denial of defendants’ constitutional right to the effective assistance of counsel.
Multiple representation is not per se illegal and does not violate the Sixth Amendment to the U.S. Constitution or Article 1, Section 13 of the Louisiana Constitution unless it gives rise to a conflict of interest. State v. Kahey, 436 So.2d 475, 484 (La.1983). In a ease such as the present one where defendants did not raise the issue of a conflict of interest until after trial, defendants bear the burden of proving that an actual conflict of interest adversely affected their lawyer’s performance.
An actual conflict of interest is established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties. Kahey, 436 So.2d at 484. In Kahey, 436 So.2d at 484-85, the Louisiana Supreme Court accepted the following definition of an actual conflict, as set forth in Zuck v. Alabama, 588 F.2d 436, 439 (5th Cir.), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979).
If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interest of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the' defendant to take some action that could be detrimental to his other client.
Where a conflict of interest is real, a denial of effective representation exists without a showing of specific prejudice. A reviewing court cannot, however, Rpresume that joint representation and the possibility of a conflict has resulted in ineffective assistance of counsel. Kahey, 436 So.2d at 484-485.
After reviewing the record in its entirety, I must conclude that defendants have failed to meet their burden of establishing an actual conflict of interest. The defenses offered on behalf of all three defendants were compatible and entirely consistent. None of the defendants have demonstrated the existence of a duty on the part of their attorneys to take some action on their behalf that would have been detrimental to one of their code-fendants. The possibility that another approach or defense could perhaps have been used in a trial with better results exists in every case and is far from making out a deprivation of a -constitutional right. See Kahey, 436 So.2d at 485. In the present case, none of the defendants made a showing of how they would have benefited from a different strategy.
The record reflects that defense counsel conducted a vigorous defense on behalf of all three defendants. In particular, defense counsel strenuously urged the defense of consent as to all three defendants. Additionally, I find no merit in defendants’ argument that the trial court erred in failing to either inform them of their right to conflict-free rep *1231 resentation or to inquire into the nature of the conflict of interest presented by the fact that they were jointly represented by counsel. At the time of defendants’ trial, a trial court did not have a duty to initiate such an inquiry unless the court knew or reasonably should have known a particular conflict of interest existed.[1] See Cuyler v. Sullivan, 446 U.S. 335, 346, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980). Attorneys have an ethical obligation to ensure that their loyalty to a client is not compromised by their representation of another client. See Rules of Professional Conduct, Louisiana State Bar Association, Rule 1.7; State v. Lemon, 29,587 and 29,588, p. 7 (La.App.2d Cir. 8/20/97), 698 So.2d 1057, 1062.
Lastly, defendants argue the trial court in the instant case knew or should have known of the conflict of interest presented by their joint representation. In support of this argument, defendants point to the trial court’s interruption of defense counsel’s direct examination of one of the defendants. Following an untranseribed bench 13conference, the record merely reflects that defense counsel pursued a different line of questioning upon resuming his direct examination. I am unable to agree with defendants’ contention that this exchange clearly showed that the trial court was aware of á conflict of interest.
In conclusion, it is my view that because defendants did not urge the existence of a conflict of interest before or doing trial, and have further failed to demonstrate the existence of an actual conflict of interest, these assignments of error lack merit. Accordingly, and for these reasons, I respectfully dissent.

. La.Code Crim.P. art. 517, which was added by Acts 1997, No. 889 § 1 (effective August 15, 1997), now imposes a duty on the trial court to inquire into joint representation and to advise a defendant of his right to conflict-free representation.