IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50579

_____


UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

  v.

CAROLINE HAGGARD FLORES, also known as Caroline Haggard,

        Defendant-Appellant.

---------------------------------
Appeal from the United States District Court
for the Western District of Texas
(SA-96-CR-108-1)
---------------------------------
May 17, 1999

Before KING, Chief Judge, and REAVLEY and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Caroline Haggard Flores appeals from a decision of the district court denying her motion to withdraw her guilty plea to two counts of conspiracy to defraud the United States. She argues both that the district court erred in denying her motion and that she was denied her Sixth Amendment rights during the court's hearing on the motion. We affirm the district court's decision.

    We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997). Here, we find that the district court properly considered Flores's motion with reference to all seven factors enunciated by this Court in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), for evaluating motions to withdraw guilty pleas. When Flores entered her guilty plea, she was assisted by counsel and voluntarily attested to facts that indicated her guilt. She then waited more than six months before seeking to withdraw her guilty plea, during which time the government conducted an expensive six-week trial against Flores's codefendants, which would need to be duplicated if Flores's withdrawal were accepted. Based upon these facts, the district court did not abuse its discretion in finding that the *Carr* factors supported denying Flores's motion to withdraw her plea.

We review de novo the district court's determination that the plea withdrawal hearing did not violate Flores's Sixth Amendment rights. *See United States v. Walker*, 148 F.3d 518, 528 (5th Cir. 1998). Flores argues that because the district court required her to choose between using the attorney who negotiated the plea agreement or representing herself, she was denied both the right to representation free from a conflict of interest, *see Mitchell v. Maggio*, 679 F.2d 77, 78-79 (5th Cir. 1982), and the right to an attorney at a critical stage of her criminal proceedings, *see Mempa v. Rhay*, 389 U.S. 128, 134 (1967). We disagree.

2

In *United States v. Henderson*, 72 F.3d 463, 465-66 (5th Cir. 1995), we established that an attorney's participation in a plea negotiation is insufficient to render that attorney ineffective at a plea withdrawal hearing.  Because Flores's attorney did not testify against her at the withdrawal hearing or otherwise render himself unable to effectively represent Flores, she was not unconstitutionally denied representation free from a conflict of interest.  In addition, even if we were to find that Flores was denied an attorney at a critical stage of her criminal proceedings, such a denial would have been harmless.  *See United States v. Crowley*, 529 F.2d 1066, 1071 (3d Cir. 1976).  The court permitted Flores an opportunity to present fully the factual basis for withdrawal of her guilty plea and she failed to present a compelling argument, either at the hearing or on appeal.  *See id.*  Granting Flores an opportunity to obtain a new attorney would not have affected the outcome of her motion or this appeal.

AFFIRMED.