**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-40083
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL LUCIO BOTELLO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(B-95-CV-30 & B-91-CR-141-1)

_____

July 21, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant, Miguel Lucio Botello, federal prisoner # 58207079, appeals the district court's

dismissal of his 28 U.S.C. § 2255 habeas petition. We affirm.

I

Botello was indicted for murder in furtherance of a criminal enterprise and for money

laundering. *See United States v. Botello*, 991 F.2d 189, 191 (5th Cir. 1993). Although his first trial

ended in a mistrial, he was subsequently convicted on both counts, and sentenced to life imprisonment

on the murder charge and to twenty years imprisonment for money laundering. *See id.* On direct

appeal, this court affirmed Botello's conviction. *See id.* at 190.

Botello petitioned the District Court for the Southern District of Texas for habeas relief

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

pursuant to 28 U.S.C. § 2255, and the United States moved for summary judgment. Finding that Botello presented no genuine issue of material fact, the magistrate judge recommended that the government's motion for summary judgment be granted and that Botello's claims be dismissed. The district court adopted the magistrate judge's recommendation and dismissed Botello's petition. Botello appeals, arguing that he received ineffective assistance of counsel. Specifically, Botello contends that (1) his attorney labored under an actual conflict of interest; (2) his attorney's ineffectiveness led to Botello's "misidentification"; and (3) his attorney was ineffective "throughout the trial." Botello also argues that the district court erred in denying him an evidentiary hearing.

II

We review a summary judgment ruling de novo, viewing all summary judgment evidence in the light most favorable to the non-movant. *See Alton v. Texas A&M University*, 168 F.3d 196, 199 (5th Cir. 1999); *Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Alton*, 168 F.3d at 199 (quoting FED. R. CIV. P. 56 (c)). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

III

Botello argues that he was denied effective assistance of counsel, because his attorney labored under an actual conflict of interest. It has been recognized that when an attorney labors under an actual conflict of interest, the defendant is denied his Sixth Amendment right to effective assistance of counsel. *See Holloway v. Arkansas*, 435 U.S. 475, 481-82, 98 S. Ct. 1173, 1177-78, 55 L. Ed. 2d 426 (1978). An actual conflict of interest arises when "a defense attorney owes duties to a party whose interests are adverse to those of the defendant." *See Zuck v. Alabama*, 588 F.2d 436, 439 (5th Cir. 1979). However, the mere possibility of a conflict is "insufficient to impugn a criminal

-2-

conviction." *See Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 1719, 64 L. Ed. 2d 333 (1980).

To support his claim of actual conflict of interest, Botello argues that his attorney simultaneously represented the interests of Martin Lozano, an individual who, according to Botello, was also involved in the crime. The government responds that Lozano did not retain Botello's counsel until December 1991, fully one month after Botello's conviction. Botello cites no evidence that his counsel owed duties to Lozano during the course of Botello's proceeding. Furthermore, Botello presents no evidence that Lozano's interests were adverse to those of Botello.

The mere fact that an attorney represents multiple clients is insufficient to give rise to an actual conflict of interest. *See Holloway*, 435 U.S. at 482-83, 98 S. Ct. at 1178. Unless the attorney for multiple parties must make a decision in favor of one client to the detriment of the other, it cannot be said that the interests of the clients diverge, and thus the attorney cannot be laboring under an actual conflict of interest. *See Zuck v. Alabama*, 588 F.2d at 439. Botello has advanced no evidence suggesting that his interests were adverse to those of Martin Lozano. Accordingly, the district court did not err in granting the government's motion for summary judgment.

IV

As for Botello's remaining arguments, we find that Botello has waived them by failing to adequately brief them on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). FED. R. APP. P. 28 details the requirements for arguments contained in appellate briefs. *See* FED. R. APP. P. 28(a)(9). Specifically, the appellant's arguments must contain "the appellant's contentions, and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Id.*; *See Yohey v. Collins*, 985 F.2d 222, 224 (5th Cir. 1993). Failure to properly brief an issue results in waiver. *See Brinkmann*, 813 F.2d at 748. Botello fails to properly support his remaining arguments with citations to authority and to the record. Although his brief "commands" us to review the arguments presented in his district court filings, this dictate does not constitute adequate briefing. *See Yohey*, 985 F.2d at 224.

V

For these reasons we AFFIRM the district court's denial of Botello's § 2255 petition.