United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40398
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SHANNON ROGERS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-31-3
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Shannon Rogers, Texas prisoner # 696608, appeals the denial of his pleading designated "Notice of Conflict," which the district court liberally construed as a motion to substitute appellate counsel.

We hold that the district court did not err in liberally construing Rogers's pro se pleading as a motion to substitute appellate counsel. Furthermore, the district court did not err

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in refusing to hold a <u>Garcia</u>** hearing.  A <u>Garcia</u> hearing in Rogers's case was unnecessary given (1) that Rogers himself brought the alleged conflict to the court's attention in an effort to secure new appellate counsel with the intent of exercising his right to conflict-free representation and (2) that there was no "actual conflict of interest."  <u>See</u> <u>United States v. Greig</u>, 967 F.2d 1018, 1022 (5th Cir. 1992).

The grounds on which Rogers sought conflict-free representation do not constitute an "actual conflict" and are more properly characterized as claims of ineffective assistance, which as a general rule are not resolved on direct appeal.  <u>See</u> <u>United States v. Sanchez-Pena</u>, 336 F.3d 431, 445 (5th Cir. 2003); <u>Mitchell v. Maggio</u>, 679 F.2d 77, 79 (5th Cir. 1982). Consequently, the district court did not abuse its discretion in denying his request.  <u>See</u> 18 U.S.C. § 3006A(c).

AFFIRMED.

---

** <u>United States v. Garcia</u>, 517 F.2d 272 (5th Cir. 1975), <u>abrogated on other grounds by</u>, <u>Flanagan v. United States</u>, 465 U.S. 259, 263 (1984).