998 So.2d 707 (2009)
In re Appeal of Decision of the DISCIPLINARY BOARD NO. 07-PDB-039.
No. 2007-OB-2164.
Supreme Court of Louisiana.
January 16, 2009.

*708 ATTORNEY DISCIPLINARY PROCEEDINGS
Leave to appeal denied.
VICTORY, J., recused.
JOHNSON and TRAYLOR, JJ., would grant leave to appeal and assign reasons.
JOHNSON, Justice, would grant leave to appeal and assigns reasons.
I respectfully dissent from the Court's denial of leave to appeal the decision of the Disciplinary Board. I would grant the leave to appeal, and remand this complaint to the Office of Disciplinary Counsel ("ODC") and order the appointment of a Special Disciplinary Counsel to conduct a full investigation of this matter.
This matter arises out of a complaint filed by a criminal defendant against his court appointed attorney. Complainant was charged with second-degree murder. At his arraignment, the complainant asserts that he was approached by the respondent, who inquired whether he could handle the defense of the complainant's criminal case. Complainant agreed, and the respondent was appointed by the Court to defend the complainant. The case proceeded to trial, resulting in a hung jury. Following a second trial, the jury found complainant guilty of manslaughter. The Court sentenced complainant to serve 30 years in prison, at hard labor, without benefit of parole, probation, or suspension of sentence. The Court of Appeal affirmed his conviction, but amended the sentence to remove the prohibition on parole. Complainant's two applications for post-conviction relief, filed with this Court, were denied.
Pretermitting any discussion of the underlying merits of the criminal case, my concern is the charge that the complainant's attorney had an undisclosed conflict of interest. In August of 2006, complainant filed this complaint with the ODC where he suggested that he was prejudiced by an undisclosed conflict of interest on respondent's part, and that respondent's "personal invested interest in the outcome of the case" was created by a relationship between the families of respondent and the victim.
Specifically, complainant asserted that he obtained information indicating that the respondent grew up together with the victim, and that respondent's father and the victim's father were family friends, and the two had been law partners at one point in time. Complainant further asserted that the respondent's father was in court daily during his criminal proceedings. Complainant asserted that he was never told of this information by the respondent.
Chief Disciplinary Counsel, Charles Plattsmier, assumed responsibility for the investigation of this complaint. A copy of the complaint was sent to respondent for a response. In reply, respondent characterized the complaint as "ridiculous." He asserted that complainant received "competent, diligent and absolutely conflict-free representation at all stages of his criminal prosecution." He also specifically denied any personal knowledge of a relationship between the victim and his father. He claimed that his father attended the trial because he was retired and had nothing else to do.
Following receipt of respondent's response, Mr. Plattsmier dismissed the complaint filed by complainant. Mr. Plattsmier concluded that he did not have information which would support a probable cause finding of misconduct, much less clear and convincing evidence of a rule violation. Mr. Plattsmier stated that the *709 respondent's response made it clear that he never knew the victim and was quite certain that he never knew any of the family member. Thus, he concluded that these serious allegations were refuted, and the only thing that remained for consideration were various "ineffective assistance of counsel" allegations proffered by the complainant. The ODC stated that it weighed all of the information that it had obtained and determined there simply was no evidence of a violation of the Rules of Professional Conduct by the respondent. Thus, the ODC concluded that the matter should be closed subject to the complainant's appeal right, and Mr. Plattsmier dismissed the complaint against respondent.
The hearing committee unanimously affirmed the ODC's dismissal of the complaint, noting that it was "in complete agreement with the conclusions of the Disciplinary Counsel." Likewise, the disciplinary board agreed that the ODC did not abuse its discretion in dismissing the complaint against respondent. Complainant then petitioned this court for leave to appeal pursuant to Supreme Court Rule XIX, § 30(C).
After reviewing the record in this matter, I concluded that the investigation by the ODC of the conflict issue was inadequate. Most troubling is the fact that the ODC apparently failed to do a cursory evaluation of this claim by obtaining statements from the two people who could easily confirm their relationship, namely the respondent's father and the victim's son. Given the serious allegations of the complainant, this would have been the easiest and most logical place to start an investigation. Presumably, these two men would be in the best position to clarify the relationship, and to confirm whether or not they were ever law partners, and whether the families had close ties.
Moreover, I find it troubling that Mr. Plattsmier chose not to take a sworn statement from the respondent, but, rather, simply relied on an unsworn response to the complaint, in making a decision to close this file. A formal statement would have afforded the ODC an opportunity to clarify some issues which are unclear from the complaint, such as how the respondent came to represent the complainant in this case. Given that the complainant has asserted that the respondent sought him out and solicited the representation, further investigation is warranted. There also is no record of whether the complainant was indigent, and thus entitled to appointed counsel.
Furthermore, it appears that the ODC failed to do a cursory search for any other evidence, or records from other sources, which could have confirmed whether a relationship, in particular a business relationship, ever existed between the two men. The ODC did not even subpoena or request the record in the underlying criminal case to determine if there was any evidence which could have alerted respondent to a potential conflict.
From the facts alleged, there could be a possible violation of Rule 1.7 of the Rules of Professional Conduct, entitled "Conflict of Interest: Current Clients," which provides in part:
(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: ...
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
(b) Notwithstanding the existence of a concurrent conflict of interest under *710 paragraph (a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing. [Emphasis added.]
Thus, while clearly I cannot say that there is any direct evidence of ethical misconduct in the record, the allegations in the complaint are serious enough to warrant a full investigation. Because there was no full investigation of the charges, I am unable to determine whether the disciplinary board acted arbitrarily, capriciously or unreasonably in dismissing the complaint.[1] Thus, I would remand this matter to the Office of Disciplinary Counsel pursuant to Supreme Court Rule XIX, § 11(B) to conduct a full investigation. Further, I would order that a Special Disciplinary Counsel be appointed to conduct the investigation and to further handle these proceedings.
TRAYLOR, Justice, would grant leave to appeal and assigns reasons.
I dissent. Although it can be said that there is not currently any direct evidence of ethical misconduct, it can also be said that no true investigation into the allegations was made. Until an actual investigation is made, dismissal of the complaint is premature. Likewise, any possible conflict of interest on the part of respondent may not have any impact on complainant's guilt or innocence, but complainant was at the least entitled to conflict-free counsel.
NOTES
[1] Supreme Court Rule XIX, § 30(B)