STATE OF LOUISIANA                                    NO. 21-K-294

VERSUS                                                        FIFTH CIRCUIT

JERMAN NEVEAUX                                        COURT OF APPEAL

                                                                   STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

June 25, 2021

Susan Buchholz
First Deputy Clerk

**IN RE** JERMAN NEVEAUX

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE FRANK A. BRINDISI, DIVISION "E", NUMBERS 16-4029 & 16-6301

---

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT GRANTED, RULING REVERSED, STAY LIFTED**

On October 13, 2016, defendant, Jerman Neveaux, was indicted in case number 16-4029 with the first degree murder of Jefferson Parish Sheriff's Office (JPSO) Detective David Michel in violation of La. R.S. 14:30.1. On that same date, defendant was indicted in case number 16-6301 with aggravated assault with a firearm in violation of La. R.S. 14:37.4 (count one), resisting a police officer (JPSO Detective George Kister) with the use of violence or threats of violence in violation of La. R.S. 14:108.2 (count two), resisting a police officer (JPSO Sergeant Christy Clement) with the use of violence or threats of violence in violation of La. R.S. 14:108.2 (count three), and illegal possession of a stolen firearm in violation of La. R.S. 14:69.1 (count four).

On March 16, 2021, defense counsel filed an Amended Motion to Withdraw the Public Defender's Office (PDO) from representation based on defense counsel's conflict of interest due to a close relationship with a witness for the prosecution. After an April 23, 2021 hearing, the trial court denied the motion to withdraw and this timely writ application followed.

In his application to this Court, counsel for defendant-relator explained that defendant is charged with first-degree murder and faces the death penalty. He

21-K-294

acknowledges that the 24th Judicial District PDO was appointed to represent defendant on June 23, 2016, but on July 11, 2016, retained counsel filed a motion to enroll. As such the PDO formally withdrew as counsel on July 19, 2016. Retained counsel was later removed on February 12, 2020, and the PDO was re-appointed to represent defendant in March 2020. As such, defense counsel noted that the PDO has only represented defendant for a short period of time, few substantive hearings had been held, and no trial date is currently selected to try this case.

Defense counsel further contended that after the PDO was re-appointed, while reviewing this case he was "reminded of a conflict of interest" regarding his representation of defendant because he is friends with Detective Frank Renaudin, who was on the scene at defendant's arrest. Defense counsel has asserted that defendant was "savagely beaten" at the time of his arrest. Defendant was hospitalized and initially confined to a wheelchair. Defense counsel stated that Det. Renaudin was a ranking deputy on the scene and had an obligation to ensure that the other deputies did not use unnecessary force. Defense counsel anticipates that substantial questioning of Det. Renaudin regarding his actions, the actions of other deputies on the scene, and his failure to stop the other deputies from beating defendant will be required both in pre-trial motions and at trial. Defense counsel further stated that he and the detective reside in the same neighborhood, attend the same church, and, at least prior to the pandemic, would occasionally socialize.

Defense counsel noted that he discussed this conflict with defendant. He stated that he also discussed the conflict of interest with the District Public Defender for the 24th Judicial District, who shared his belief that a conflict existed. Counsel further discussed the issue with the State Public Defender and staff at the Louisiana Public Defender Board, all of whom shared his concerns. The Assistant District Attorney in charge of this prosecution for the State did not believe that this was a conflict of interest, however.

In addition to counsel's stated reasons for withdrawing himself and the PDO from representation, the Capital Defense Project of Southeast Louisiana had agreed to enroll if defense counsel and the PDO were permitted to withdraw.

In response, the State argued that it believed the conflict does not exist under the law, noting that the described relationship between counsel and a witness was not sufficient to create a conflict. The trial court subsequently denied the motion, with defense counsel objecting to the ruling.

While still on the record, after some housecleaning measures were discussed, defendant relayed to the trial court, through his current counsel, that he was "adamantly opposed" to his counsel continuing on his case and wanted the court to know that "this is in violation of his systemic right to counsel" and that his Sixth Amendment right to effective assistance was being violated by having defense counsel and the PDO remain on his case.

Defense counsel asserts that the Louisiana Rules of Professional Conduct recognize such a conflict, that defendant did not consent to proceeding with conflicted counsel, and that defendant expressed his opposition to the court's ruling at the hearing. Defense counsel further indicates that conflicted counsel cannot provide effective legal assistance in this capital proceeding. We agree.

A defendant is guaranteed the right to assistance of counsel by both the federal and state constitutions. U.S. Const. Amend VI; La. Const. Art. I, § 13; *State v. Walker*, 16-293 (La. App. 5 Cir. 12/14/16), 206 So.3d 474, 477, *writ denied*, 17-190 (La. 9/29/17), 227 So.3d 284. The right of a criminal defendant to the assistance of counsel during the proceedings against him is a cornerstone of our legal system. *State v. Cisco*, 01-2732 (La. 12/3/03), 861 So.2d 118, 129. Specifically, Article I, Section 13 of the Louisiana Constitution provides, in pertinent part, that "[a]t each stage of the proceedings, every person is entitled to assistance of counsel of his choice …" The right of a defendant to counsel of his choice is codified at La. C.Cr.P. art. 515. *See State v. Mitchell*, 95-552 (La. App. 5 Cir. 7/30/96), 680 So.2d 64, 68.

To be more than just a hollow right, assistance of counsel must be effective. *Id*. (citing *State v. Franklin*, 400 So.2d 616, 620 (La. 1981)). Reasonably effective assistance of counsel means that the lawyer not only possesses adequate skill and knowledge, but also that he has the time and resources to apply his skill and knowledge to the task of defending each of his individual clients. *State v. Peart*, 621 So.2d 780, 789 (La. 1993). As a general rule, an attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant he is representing. *Walker*, *supra*. Accordingly, the right to counsel secured under the Sixth Amendment includes the right to conflict-free representation. *Id*. (citing *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)).

Similarly, the Rules of Professional Conduct prohibit a lawyer from representing a client if the representation involves a concurrent conflict of interest. Rules of Professional Conduct 1.7 (a); *State v. Casaday*, 51,330 (La. App. 2 Cir.

5/17/17), 223 So.3d 108, 115. Such a concurrent conflict of interest is not limited to dual representation. *See* Rules of Professional Conduct 1.7 (a)(2): "A concurrent conflict of interest exists if: there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." *In re Disciplinary Bd. No. 07-PDB-039*, 07-2164 (La. 1/16/09), 998 So.2d 707.

A conflict of interest must be actual rather than speculative before the constitutional guarantees of effective assistance of counsel are implicated. *Zuck v. State of Ala.*, 588 F.2d 436, 439 (5th Cir. 1979), *cert. denied*, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979). An actual conflict of interest occurs when a defense attorney places himself in a situation "inherently conducive to divided loyalties." *State v. Carmouche*, 508 So.2d 792, 797 (La. 1987). In *United States v. Gambino*, 864 F.2d 1064 (3d Cir. 1988), *cert. denied*, 492 U.S. 906, 109 S.Ct. 3215, 106 L.Ed.2d 566 (1989), Judge Mansmann described in his dissent this actual conflict of interest as "essentially a tension, a friction, a dissonance, *within* the attorney which does not permit the attorney's single-hearted zealous advocacy on the part of a particular client." *Gambino*, 864 F.2d at 1081 (Mansmann, J., dissenting). District courts reasonably may rely on defense counsel's assessment regarding the potential for conflict. *United States v. Fields*, 483 F.3d 313, 351 (5th Cir. 2007), *cert. denied*, 552 U.S. 1144, 128 S.Ct. 1065, 169 L.Ed.2d 814 (2008).

Additionally, the Louisiana Constitution guarantees "the assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment." La. Const. art. 1, § 13; *Casaday*, 223 So.3d at 114. Defendant must exercise his right to counsel of his choice at a reasonable time, in a reasonable manner, and at an appropriate stage of the proceedings. *State v. Bridgewater*, 00-1529 (La. 1/15/02), 823 So.2d 877, 896, *on reh'g* (6/21/02), *cert. denied*, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003).

Here, it is clear that defense counsel felt that a potential conflict of interest was sufficiently critical to file a written motion to withdraw, and we see no reason to doubt defense counsel's expressed concern that zealous representation of his client in this capital case may be compromised due to his divided loyalties between his friendship with a witness for the State and his duties to this client. In addition, defendant clearly expressed his desire that his current counsel be replaced, and qualified substitute counsel was present at the hearing and prepared to assume

4

representation. Under these circumstances, we find that the trial court should have allowed defense counsel and the PDO to withdraw, and that substitute counsel should have been permitted to enroll as counsel of record, which defendant indicated was his constitutional choice. This ongoing capital case is in an early enough stage of the prosecution such that substitute counsel will not be placed at a disadvantage, nor will the State be burdened with any repetitive obligations.

For these reasons, we reverse the finding of the trial court, grant the motion to withdraw the Public Defender's Office from representation of defendant, and allow the substitution of the Capital Defense Project of Southeast Louisiana as counsel of record. The stay of proceedings imposed by our June 8, 2021 Order is lifted.

Gretna, Louisiana, this 25th day of June, 2021.

**SMC**
**FHW**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/25/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**21-K-294**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Frank A. Brindisi (DISTRICT JUDGE)
Zachary Orjuela (Relator)

Thomas J. Butler (Respondent)
Andrea F. Long (Respondent)

### MAILED

Paul C. Fleming, Jr. (Relator)
Attorney at Law
848 Second Street
Third Floor
Gretna, LA 70053

Honorable Paul D. Connick, Jr.
(Respondent)
Douglas W. Freese (Respondent)
Lynn Schiffman (Respondent)
Assistant District Attorneys
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053